**SCHIFFMAN LAW OFFICE**, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Winter,<br><br>                            Plaintiff,<br>vs.<br><br>Hartford Life and Accident Insurance Company; Group Long Term Disability Plan for Employees of Mountain Park Health Center,<br><br>                            Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Sarah Winter ("Winter") alleges as follows:

## JURISDICTION AND VENUE

1. Winter is a resident of Maricopa County, Arizona.

2. Defendant Hartford Life and Accident Insurance Company ("Hartford") is an insurance company incorporated in Deleware, with its principal place of business in Hartford, Connecticut. Hartford is authorized to do and does business in Maricopa County, Arizona.

3. Defendant Group Long Term Disability Plan for Employees of Mountain Park Health Center ("Plan") is a purported ERISA benefit plan established and maintained by Mountain Park Health Center ("Mountain Park") for the benefit of its employees and provides long-term disability benefits ("LTD").

4. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and Hartford have caused events to occur in Arizona out of which Winter's claims arise.

5. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

6. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

7. Mountain Park provided certain employees with LTD benefits pursuant to the Plan.

8. Mountain Park is the plan administrator and a plan fiduciary as those terms are defined by ERISA sections 29 U.S.C. § 1102(a)(2) (fiduciary) and 29 USC §1002(A)(16) (administrator).

9. Hartford is the Claim Administrator and is a Plan Fiduciary for the Plan as those terms are defined by ERISA.

10. The Plan's benefits are funded through the purchase of an insurance policy from Standard to Mountain Park. Hartford first issued Policy number GLT767833 to Mountain Park on August 1, 2013 ("Policy"). The Policy renews annually on August 1.

11. On information and belief, Mountain Park did not provide a summary plan description to any covered employees.

12. The "Certificate of Insurance" is the only document provided to Winter that constitutes the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

13. According to the Certificate of insurance, a "Policy" also exists, which would be a written instrument under 29 U.S.C. § 1102(a)(1). Winter never received a copy of the Policy.

14. Hartford pays any LTD claim and also makes any determinations with respect to any Mountain Park emeployees' LTD claims.

15. Under the terms of the LTD benefit, Winter is entitled to benefits for the first 24 months when Hartford determines she is unable to perform one or more of the essential duties of her own occupation.

16. After the first 24 months of disability, Winter is considered disabled if she is unable to work in any occupation. The Policy defines any occupation as "any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than 60% of your Indexed Pre-disability Earnings."

17. The Policy defines Indexed Pre-disability Earnings as Pre-disability Earnings adjusted annually by 5%. The first adjustment will take effect on the first day of the month following receipt of 12 months of benefits. After this first adjustment Pre-disability Earnings will be increased annual by an additional adjustment of 5% compounded on the first day of the month following each anniversary of the date of the initial adjustment.

18. The Certificate of Insurance refers to a "Policy Interpretation" provision in the Policy. No such provision exists in the Certificate of Insurance. To the extent the Policy Interpretation language is a grant of discretionary authority it is not a valid grant of discretion.

19. There is no evidence in the Certificate of Insurance that the Plan Administrator, Mountain Park, possesses discretion or the ability to delegate discretion. Even if Mountain Park reserved discretion, there is no evidence that Mountain Park delegated discretion to Hartford.

20. Without proper evidence of a grant of discretion from Mountain Park to Hartford, this claim should be reviewed *de novo*.

# COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

21. Winter incorporates and realleges all previous allegations.

22. At all relevant times, Winter was a Mountain Park employee, became a covered individual under the Plan and the Policy, and remained continuously employed until her disability rendered her unable to work in her regular occupation as an Executive Assistant on approximately December 12, 2015.

23. Winter timely submitted a claim for LTD benefits.

24. Winter claimed disability for arachnoid cyst/parietal lobe seizures and intractable migraine headaches.

25. Hartford paid Winter own occupation benefits from March 11, 2016 to April 26, 2018.

26. During this time Hartford concluded Winter was unable to perform her sedentary job as an Executive Assistant.

27. Winter remains disabled as defined by the Policy from any occupation for which she is qualified based on education, training or experience and for which she could earn 60% of her pre-disability earnings.

28. Winter remains unable to perform the material and substantial duties of her occupation including the following duties:

- Working a regular, 40-hour work week;
- Understand, remember and carry out short and simple instructions;
- Maintain attention and concentration for extended periods of time;
- Ability to make work related decisions.

29. The Policy requires Winter to apply for and pursue Social Security Disability Benefits.

30. The Social Security Administration ("SSA") defines disability as the "inability to perform any substantial gainful activity" which is the inability to perform significant physical or mental activities" and the inability to earn $1,220 (as of 1/1/2019) per month.

31. Hartford closed Winter's claim on April 26, 2018, indicating that benefits were paid through April 26, 2018 without an admission of liability as to whether she was able to perform her own occupation. Hartford determined that she was able to perform the duties of her own occupation as of January 8, 2018 and also did not meet the any occupation definition of disability.

32. Winter timely submitted her appeal on December 4, 2018.

33. Hartford issued the final denial on January 29, 2019.

34. Winter provided proof of her debilitating medical conditions. In addition, Winter provided Hartford with a completed Seizures and Headaches Residual Functional Capacity Evaluation, statements from her doctor and extensive medical records that support her disability.

35. Winter submitted an Independent Psychological Evaluation to Hartford dated April 22, 2019, which Hartford refused to consider.

36. Winter became disabled on December 12, 2015 and remains unable to perform the duties of any other occupation for which she is qualified based on education, training or experience and for which she could earn 60% of her Indexed Predisability Earnings.

37. Winter contends that the discretionary language in the policy is invalid and Winter's claim should be reviewed *de novo*.

38. If the Court determines the discretionary language is valid, Hartford's inherent conflict of interest impacted its decision in this matter and that the Court should reviewed with heightened skepticism.

39. Winter has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

40. Hartford's denial of Winter's LTD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous. Evidence of Hartford's conflict includes, but is not limited to:

a) Citing to normal imaging studies and lack of emergency room visits to treat symptoms as reasons to reject the impact of migraine headaches on Winter's diagnosis.

b) Failure to resolve inconsistencies in paper reviews finding that Winter has no functional impairment, except during times when she experiences symptoms that render her unable to focus, concentrate, verbalize or remember instructions.

c) Determining Winter was not disabled on the same evidence Hartford used to determine Winter was disabled.

d) Utilizing an examining physician's opinions from outside his area of expertise to opine that Winter's conditions were psychosomatic.

e) Concluding that Winter was able to perform a sedentary occupation without considering whether she has the cognitive capacity to perform any occupation and the ability to be a reliable employee who would not miss more than one day of work per month.

f) Cherry-picking evidence that supports the denial, rather than giving equal weight to evidence that supports payment of the claim.

g) Securing opinions during the appeal that raised new bases for denying the claim and not providing Winter to address the issues raise.

41. Winter is entitled to 60% of her Predisability Earnings in the amount of $3,120.00 from April 26, 2018 through the present.

42. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Winter is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms

of the Plan.  Pursuant to 29 U.S.C. § 1132(g), Winter is entitled to recover her attorneys' fees and costs incurred herein from Mountain Park and the Plan.

43.  Winter is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Winter prays for entry of judgment against Defendants as follows:

A.  For all past benefits due Winter under the terms of the Plan;

B.  For an award of Winter's attorneys' fees and costs incurred herein;

C.  For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D.  For such other and further relief as the Court deems just and reasonable.

Dated this 27th day of September 2019

SCHIFFMAN LAW OFFICE, P.C.

By: /s/ Lisa J. Counters
    Lisa J. Counters